NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0270n.06
Filed: April 8, 2009

No. 06-4519

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| BRUCE WRIGHT, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE: DAUGHTREY, ROGERS, Circuit Judges, and RESTANI, District Judge.[*]

**ROGERS, Circuit Judge.** Defendant Bruce Wright appeals the district court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255. The two issues certified for appeal are: 1) whether Wright was denied the effective assistance of counsel because his attorney failed to advise him of his appellate rights or because his attorney failed to file a notice of appeal; and 2) whether the Government breached the plea agreement and defense counsel was constitutionally ineffective for not raising the breach in the district court or on appeal. The district court properly determined that Wright was not denied the effective assistance of counsel based on his attorney's failure to

---

[*]The Hon. Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

1

advise him of his appellate rights, and that the government did not breach the plea agreement.

However, Wright was entitled to, but did not receive, an evidentiary hearing under § 2255(b) on his

claim that his defense attorney ignored Wright's express request to appeal his sentence. Therefore,

we vacate the district court's denial of Wright's § 2255 motion and remand to the district court for

a limited hearing on this issue.

## I.

On September 3, 2003, Wright entered a guilty plea to conspiracy to distribute 1,000 grams

or more of heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). The relevant

portions of the plea agreement are as follows:

> 16. In the event the defendant fully cooperates with the government, as set forth herein, the government will move the Court pursuant to U.S.S.G. 5K1.1 and 18 U.S.C. § 3553(e) to impose a sentence beneath the otherwise applicable 10 year (120 month) mandatory minimum statutory penalty by reducing the defendant's total offense level four (4) additional levels to reflect the defendant's substantial assistance to the government.

> 18. The defendant acknowledges having been advised by counsel of his rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. The defendant expressly waives those rights except the defendant reserves the right to appeal the imposition of any sentence inconsistent with the provisions of this plea agreement. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.

> 23. The defendant and his legal counsel further acknowledge that no assurances, promises, or representations have been given by the United States or by

any of its representatives which are not contained in this written agreement. This plea agreement sets forth the full and complete terms and conditions of the agreement between the defendant and the government.

In addition to these provisions, the parties agreed that the Government would: recommend a base offense level of 34; advise the court on Wright's actions that might reflect positively on a determination of a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E.1.1; and recommend a three-level increase pursuant to U.S.S.G. § 3B1.1(c) for Wright's role in the offense.

On November 18, 2003, the district court sentenced Wright according to the plea agreement. The Government made all of the required recommendations. The court set Wright's base offense level at 34, added three levels for his role in the conspiracy, subtracted three levels for acceptance of responsibility, and accepted the Government's recommendation for a four-level reduction for substantial assistance, resulting in a final offense level of 30. The court determined Wright's criminal history category to be a III, which combined with the offense level produced a sentencing range between 121 and 151 months in prison. The district court sentenced Wright to 121 months in prison followed by five years of supervised release and a $100.00 special assessment.

Nine months later, Wright filed a pro se notice of appeal with this court, which was denied as untimely. On November 19, 2004, Wright filed a motion to vacate his sentence under 28 U.S.C. § 2255. Among the various grounds for relief, Wright argued that the government breached the plea agreement and that his defense counsel's representation was constitutionally ineffective for failing to raise the plea breach during sentencing and failing to appeal the sentence. The district court

denied Wright's § 2255 motion on all grounds, dismissed it with prejudice, and determined that there was no basis upon which to issue a certificate of appealability. The court first reasoned that Wright "has not argued or demonstrated he requested that his attorney file an appeal." The court further reasoned that Wright's defense counsel was not ineffective for failing to advise Wright of his appellate rights because it "cannot be determined that Petitioner has shown that he would have wanted to appeal or that a rational defendant would want to appeal." In making this conclusion, the court relied on the following factors: 1) the alleged failure to discuss an appeal occurred after a guilty plea rather than at trial; 2) Wright received the sentence he bargained for; and 3) Wright waived most of his rights to appeal his sentence.

The court also concluded that the Government had not breached the plea agreement and that therefore Wright's counsel was not ineffective for failing to raise the alleged breach at sentencing. The court reasoned that the Government made all of the required recommendations under the plea agreement and that Wright knew that these were "nothing more than recommendations which could be rejected by this Court if deemed appropriate, allowing for a more severe sentence that [sic] Petitioner anticipated." Because the court determined that the Government had not breached the plea agreement, the court also concluded that "Petitioner's counsel cannot be found to be ineffective for failing to object if there was nothing to object to, as Petitioner received exactly what he was promised in the written agreement."

On August 12, 2006, Wright filed a motion to alter or amend the district court's denial of his § 2255 motion. Wright argued that the district court improperly found that he had not made an

actual request for an appeal. Wright alerted the court to a passage in his § 2255 motion that incorporated an earlier pleading with the court. Wright argued that he alleged in that earlier pleading that he made an actual request for an appeal, which was ignored by his counsel. Wright filed an affidavit with this pleading stating that "immediately following the sentencing hearing in this case, I specifically instructed my attorney Harvey Brunner to file an appeal of my sentence. Mr. Bruner replied: 'We'll talk about it.' However, Mr. Bruner never discussed the matter with me again and, in fact, never came to see me again." The district court denied Wright's motion to alter or amend the court's earlier order. The court concluded that Wright's allegations in his prior pleading contradicted his claim that he made an actual request for appeal.

On May 24, 2007, this court denied Wright's application for a certificate of appealability. On August 9, 2007, a panel of this court granted Wright's petition for a rehearing of the court's May 24 order. The panel determined that "appointment of counsel for the appellant would aid the court in its review of this case." The court then appointed counsel for Wright, and certified two issues for appeal:

> 1) Whether Wright was denied the effective assistance of counsel because his attorney failed to advise him of his appellate rights or because his attorney failed to file a notice of appeal;

> 2) Whether the government breached the plea agreement and defense counsel was constitutionally ineffective for not raising the breach in the district court or on appeal.

**II.**

Wright's claim that the Government breached the plea agreement is without merit and was properly dismissed by the district court. In addition, the district court properly rejected Wright's claim that his defense counsel was constitutionally ineffective for failing to consult with Wright about an appeal. However, because Wright's claim that his counsel ignored Wright's express request for an appeal, if true, amounts to a per se violation of the Sixth Amendment, the district court should have conducted an evidentiary hearing pursuant to § 2255(b) to determine whether Wright actually made this request. We remand for a limited hearing on this issue.

**A.**

The district court properly dismissed Wright's claim that the Government breached the plea agreement. Wright initially argued that the Government breached its plea agreement because it only moved for a four-level reduction under U.S.S.G. § 5K1.1 and not 18 U.S.C. § 3553(e), and the plea agreement stated that the Government would move for a reduction under both provisions. At oral argument, however, Wright's counsel recognized that the following passage from the sentencing transcript shows that the Government did, in fact, move for a four-level reduction under both provisions:

> Mr. McHargh: If I may, just for the record, I have not formally moved, and I want to make sure that, I just wanted to make sure the court was aware that the government does in fact make the motion, pursuant to Section 5K1 and Title 18, Section 3553(e).

The district court properly determined that the Government did not breach the plea agreement and that Wright's counsel was not ineffective for "failing to object if there was nothing to object to."[1]

**B.**

Wright was not denied the effective assistance of counsel based on his attorney's failure to advise him of his appellate rights. In order to show that his defense counsel's representation was constitutionally ineffective, Wright must prove that his counsel's actions amounted to constitutionally deficient performance and that this failure prejudiced Wright. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). The Supreme Court has applied the *Strickland* analysis to claims in which "counsel's alleged deficient performance arguably led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself," including a direct appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000). The failure of Wright's defense counsel to consult with Wright about an appeal amounts to constitutionally deficient performance under the first prong of *Strickland* only when "there is reason to think either (1) that a rational defendant would want to appeal . . . , or (2) that this particular defendant reasonably demonstrated to counsel that he was

---

[1]Wright failed to raise this plea-breach argument during sentencing or on direct appeal. Normally, we would refrain from reaching the merits of the issue in a § 2255 motion unless Wright shows "cause and prejudice to excuse the double default." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000); *see also United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993). However, under this procedural default analysis, we still would reach the merits of Wright's plea-breach claim when addressing Wright's cause and prejudice argument. Wright attempts to show cause and prejudice by arguing that his defense counsel was ineffective for failing to object to the alleged plea-breach. This argument fails because there was no plea breach and his counsel would have no reason to object.

interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). The district court appropriately determined that Wright failed to show that "he would have wanted to appeal or that a rational defendant would want to appeal." J.A. at 126.

The *Flores-Ortega* Court provided guidance on what factors to consider when determining whether a rational defendant would want to appeal or if a particular defendant reasonably demonstrated an interest in appealing:

> Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.

*Id.* at 480. All of these factors weigh against Wright's claim that his counsel was constitutionally ineffective for not consulting with him about an appeal.

First, Wright pled guilty instead of proceeding to trial. Second, Wright received the sentence he bargained for, despite his initial plea-breach argument dismissed above. Third, Wright waived all rights to appeal except "the right to appeal the imposition of any sentence inconsistent with the provisions of this plea agreement." J.A. at 52-53, ¶ 18. Based on these factors, Wright failed to show that there was reason for his counsel to think that Wright would have wanted to appeal or that a rational defendant would want to appeal. Therefore, Wright's counsel did not provide constitutionally deficient performance under the first prong of *Strickland*, and the district court

properly dismissed Wright's ineffective assistance of counsel claim based on his counsel's failure

to consult with him about an appeal.

**C.**

Based on Wright's allegations of an express request for an appeal in his 28 U.S.C. § 2255

motion, through reference to a prior pleading, Wright was entitled to a hearing under § 2255(b).  We

remand this case to the district court for a limited hearing on this issue.

Wright claims that he made an express request to his defense counsel to appeal his sentence,

and that his counsel ignored this request.  If true, this claim amounts to "a per se violation of the

Sixth Amendment." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).  The *Ludwig* court

held that "the failure to perfect a direct appeal when requested by the defendant violates the Sixth

Amendment without regard to the probability of success on appeal." *Id.*  Therefore, regardless of

the merits of Wright's substantive claims, he might be entitled to relief under § 2255 based on a

finding of an actual request for an appeal.

The district court never resolved the question of whether Wright made an express request for

an appeal to his attorney.  In order to make factual determinations such as these, § 2255(b) requires

an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case

conclusively show that the prisoner is entitled to no relief."        In *Fontaine v. United States*, 411

U.S. 213 (1973), the Supreme Court remanded for an evidentiary hearing because the Court

determined that "[o]n this record, we cannot conclude with the assurance required by the statutory

standard 'conclusively show' that under no circumstances could the petitioner establish facts warranting relief under § 2255." *Id.* at 215. Based on the unresolved nature of Wright's *Ludwig* claim, we are unable to conclude from the record before us that Wright cannot establish facts warranting relief under § 2255, and therefore remand for a hearing on this issue is appropriate.

The district court did not resolve Wright's per se ineffective assistance claim under *Ludwig*—and therefore did not address the need for an evidentiary hearing under § 2255(b)—because the court concluded that "[p]etitioner has not argued nor demonstrated he requested that his attorney file an appeal." This conclusion does not fully account for Wright's multiple references to an express request for an appeal in the "motion and the files and records" before the district court.

Wright filed his § 2255 motion pro se. We apply a less stringent standard to pro se petitions than pleadings filed by a lawyer. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). In the supporting facts section of his ineffective assistance claim, Wright stated that "[a]dditional facts are set forth in the Notice of Motion and Motion to file the belated appeal lodged with this Court incorporated as though fully set forth." Under paragraph 5 of that prior motion, Wright states that his defense counsel "had an obligation as a matter of law to . . . file a notice of appeal if requested by defendant, and was requested by this Defendant."

Wright directed the district court's attention to these allegations in a motion to alter or amend the order denying his § 2255 motion. The district court rejected Wright's argument that paragraph

5 of this document alleged that he made an express request. The court concluded that paragraph 7 of Wright's Motion for Order Allowing Belated Notice of Appeal contradicted Wright's contention that he made an explicit request because Wright stated in that paragraph: "If properly advised the defendant would have requested an appeal be taken." Paragraph 7, however, follows Wright's argument in the alternative that his counsel failed to advise Wright properly on an appeal. This does not contradict Wright's claim that he expressly requested an appeal, but rather supports his alternative argument. As we stated in *Franklin*, the interpretation of *pro se* petitions "requires active interpretation . . . to construe [the] petition 'to encompass any allegation stating federal relief.'" 765 F.2d at 84-85 (quoting *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir. 1976)).

Wright made other references to an express request for an appeal in his Motion for Order Allowing Belated Notice of Appeal:

> Defendant had relied upon counsel to file the notice of appeal and specifically informed counsel he wanted an appeal. ¶ 11.

> Thus, even if counsel concluded as apparently this counsel did that any appeal would be frivolous, he could not disregard the evidence of defendant's unequivocal desire to appeal, and abandon his client at this critical stage in the proceeding. ¶ 12.

In one of its pleadings before the district court on the § 2255 motion, the Government admitted that Wright alleged an actual request for an appeal in this document. Response of the United States to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, at 3 ("In this motion, the defendant does not claim that he asked his attorney to file an appeal. He did make this argument in the Motion for Order Allowing Belated Notice of Appeal . . . ."). In addition, as Wright emphasizes in his brief, he filed an affidavit with the district court with his motion to alter

or amend the court's order denying his § 2255 motion, claiming an actual request for an appeal. We have found that it is "not fatal" to a request for an evidentiary hearing to file an affidavit with a motion to alter or amend. *Arrendondo v. United States*, 178 F.3d 778, 781-82, 783 (6th Cir. 1999).

A § 2255 petitioner's burden "for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003). Though Wright didn't present his *Ludwig* claims to the district court as clearly as he could have, he has met his "relatively light" burden and is entitled to an evidentiary hearing on his *Ludwig* claim.[2]

On remand, the district court need not conduct an extensive evidentiary hearing. "The statute does not require a full blown evidentiary hearing in every instance. . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made." *Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (internal quotation marks and citation omitted). If the court determines that Wright expressly requested that his counsel appeal his sentence and that this request was ignored, then Wright was denied the effective assistance of counsel and he has a right to a direct appeal. If,

---

[2]This outcome is not contrary to our holding in *Spence v. United States*, 68 F. App'x 669 (6th Cir. 2003) (unpublished opinion). In *Spence*, we upheld the district court's decision not to hold an evidentiary hearing because, "*[n]owhere in Spence's motion or the accompanying memorandum of law* does Spence allege that he instructed—much less expressly instructed—his attorney to file an appeal." *Id.* at 671 (emphasis added). As discussed above, Wright alleged an actual request in his § 2255 motion, through reference to a prior pleading, and in a later-filed affidavit.

however, the court determines that Wright did not make this express request, Wright's § 2255

motion should be denied because it fails on all other grounds.

## III.

For these reasons, we VACATE the district court's denial of Wright's § 2255 motion and

REMAND for further proceedings consistent with this opinion.