*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 12a0222p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

ROBERT DAN CAMPBELL,

               *Petitioner-Appellant,*

     *v.*

UNITED STATES OF AMERICA,

               *Respondent-Appellee.*

No. 11-3233

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
Nos.: 3:08-cr-196-1; 3:10-cv-2818—James G. Carr, District Judge.

Decided and Filed: July 19, 2012

Before: SILER and MOORE, Circuit Judges; VAN TATENHOVE, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Thomas A. Karol, UNITED STATES ATTORNEY'S OFFICE, Toledo, Ohio, for Appellee. Robert Dan Campbell, Wapakoneta, Ohio, pro se.

_____

## OPINION

_____

KAREN NELSON MOORE, Circuit Judge. Petitioner-Appellant Robert Dan Campbell pleaded guilty to a one-count information charging him with conspiracy to commit wire and mail fraud in violation of 18 U.S.C. §§ 1341, 1343, by engaging in a mortgage-fraud scheme that violated 18 U.S.C. § 371. As part of the plea agreement, Campbell partially waived the right to appeal his conviction and sentence. In a motion to vacate under 28 U.S.C. § 2255, Campbell nevertheless contended, among other things,

_____

[*]The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

that his attorney's failure to file an appeal despite Campbell's alleged express instruction to do so amounted to ineffective assistance of counsel. Without conducting an evidentiary hearing to answer the factual question presented by Campbell's allegations—namely, whether Campbell did, in fact, unequivocally instruct his attorney to file an appeal on his behalf—the district court denied Campbell's § 2255 motion. We granted a certificate of appealability on the sole issue of whether an attorney's failure to file a notice of appeal under these specific circumstances constitutes ineffective assistance of counsel. We hold that it does. Accordingly, we **VACATE** the district court's judgment and **REMAND** the case for further proceedings consistent with this opinion.

## I. BACKGROUND

On April 23, 2008, the U.S. Attorney for the Northern District of Ohio issued a felony information alleging that Campbell, a Lima, Ohio real-estate investor, participated in a mortgage-fraud conspiracy by, among other things, falsifying mortgage documents, covertly paying borrowers' closing costs, and "flip[ping]" properties bought by a straw purchaser and resold to Campbell at an inflated price. R. 1 (Information ¶¶ 3–4, at 2). At his arraignment, Campbell agreed to waive indictment and plead guilty to the charges as set forth in the information. Pursuant to the plea agreement, Campbell also agreed, with only a few exceptions, to waive the right to challenge his conviction or sentence on either direct appeal or collateral review.[1] The magistrate judge conducting the plea

---

[1]In full, the appeal-waiver provision is as follows:
Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly waives those rights except as reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any sentence to the extent it exceeds the maximum of the sentencing range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies defendant may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel, voluntariness of this plea and accompanying waivers, or prosecutorial misconduct.
R. 7 (Plea Agreement ¶ 10, at 5).

hearing confirmed Campbell's understanding of the waiver, R. 10 (Plea Hr'g Tr. at 22), and concluded that Campbell voluntarily and knowingly entered the plea, *id.* at 42.

The district court held Campbell's sentencing hearing on September 20, 2010.[2] Based on a total offense level of 13 and a criminal history category of I, the district court determined the applicable Guideline range to be 12 to 18 months in prison. R. 46 (Sentencing Hr'g Tr. at 16). The district court then imposed a below-Guidelines sentence of eight months in prison and a $35,000 fine. *Id.* at 21. At the end of the hearing, the district court reaffirmed Campbell's understanding of the appeal waiver, but informed Campbell that to the extent that he did have grounds to appeal, he needed to do so within ten days of the entry of final judgment. *Id.* at 25. No notice of appeal was filed.

On December 13, 2010, Campbell filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. The motion raised four issues: (1) whether Campbell was denied effective assistance of counsel when his attorney failed to file a requested notice of appeal; (2) whether counsel was ineffective in permitting Campbell to plead guilty when, according to Campbell, he is actually innocent; (3) whether the sentence imposed was "illegal" and procedurally unreasonable; and (4) whether the prosecutor violated Campbell's rights under *Brady v. Maryland*, 373 U.S. 83 (1963), or otherwise engaged in prosecutorial misconduct. Campbell's motion also noted the usefulness of an evidentiary hearing to resolving the merits of his claims. Without conducting any hearing, the district court rejected all four of Campbell's claims. With respect to the first issue, the district court held that because the plea agreement contained an appeal-waiver provision with limited, inapplicable exceptions, Campbell's attorney's failure to file an appeal "did not deprive [Campbell] of [his] Sixth Amendment rights." R. 3 (Dist. Ct. Op. at 3). The district court reasoned that, because of the broad waiver provision, any appeal would have been dismissed; thus, the district court held that Campbell could not demonstrate ineffective assistance under the standard set forth in

---

[2]The district court deferred sentencing for approximately two years to permit the sale of certain properties Campbell owned.

*Strickland v. Washington*, 466 U.S. 668 (1984). Finding no basis for a good-faith appeal with respect to this or any of Campbell's other claims, the district court declined to issue a certificate of appealability under 28 U.S.C. § 2253(c). On review, we agreed with the district court's assessment of claims two through four, but, citing a circuit split and the absence of precedential Sixth Circuit authority on the issue of the attorney's failure to file a requested notice of appeal, *see Sarlog v. United States*, 422 F. App'x 399, 403 (6th Cir. 2011), we granted the certificate of appealability solely with respect to the question now before us. *Campbell v. United States*, No. 11-3233, order at 3 (6th Cir. Sept. 22, 2011).

## II. ANALYSIS

We review de novo the district court's denial of a motion to vacate under 28 U.S.C. § 2255, but review the district court's factual findings only for clear error. *United States v. Doyle*, 631 F.3d 815, 817 (6th Cir. 2011). "Ineffective assistance of counsel claims are mixed questions of law and fact," which we also review de novo. *Id.* Although we review a district court's refusal to conduct an evidentiary hearing with respect to a defendant's § 2255 motion only for abuse of discretion, such a hearing "is required unless the record conclusively shows that the petitioner is entitled to no relief." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (internal quotation marks omitted).

Our analytical starting point is *Strickland v. Washington*, 466 U.S. 668, 687 (1984), in which the Supreme Court held that criminal defendants have a Sixth Amendment right to a "reasonably effective" attorney and established the now-familiar test for ineffective assistance of counsel. Specifically, to prevail on an ineffective-assistance claim, defendants must show (1) "that counsel's representation fell below an objective standard of reasonableness," *id.* at 688, and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. In a guilty plea context "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not

have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court applied the *Strickland* test to a case involving an attorney's failure to file a notice of appeal. Although *Flores-Ortega* addressed an attorney's obligations with respect to counseling a defendant who had not waived any appeal rights and who had not clearly expressed a desire to appeal, the Court's reasoning began with the long-established rule "that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477. Moving to *Strickland*'s prejudice prong, the Court further held that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484. In reaching its conclusion, the Court rejected the proposition that a defendant must always establish prejudice by showing possible success on the merits, noting that "it is unfair to *require* an indigent, perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal." *Id.* at 486. Instead, deficient performance in this context causes prejudice because it causes the "denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right." *Id.* at 483. Thus, the defendant need only "demonstrate that, but for counsel's deficient conduct, he would have appealed," *id.* at 486.

In light of the specific propositions of law outlining the obligations of a criminal defense attorney at the appeal stage, and assuming, as Campbell claims in his brief, that he did direct his attorney to file a notice of appeal,[3] we conclude that *Flores-Ortega* largely governs this case. Our own precedent conforms with this result. Two years

---

[3]Whether Campbell actually made this request is unclear from the record. In its response to Campbell's § 2255 motion, the government refused to concede that Campbell gave his attorney such an instruction and instead argued that the fact was irrelevant to the ineffective-assistance question. R. 43 (Resp. in Opp'n to Mot. Filed Under 28 U.S.C. § 2255, at 8 n.5). Because it adopted the government's reasoning, the district court never made a factual finding with respect to this issue.

before *Flores-Ortega*, we made clear "that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). Consistent with *Flores-Ortega*, we also indicated that such a violation occurs "without regard to the probability of success on appeal"; because such a failure on the attorney's part deprives the defendant of any counsel whatsoever, for purposes of the *Strickland* analysis, "[p]rejudice must be presumed." *Ludwig*, 162 F.3d at 459.

The government maintains that the existence of an appeal waiver differentiates the attorney conduct in this case from that presented in *Flores-Ortega*. Admittedly, neither *Flores-Ortega* nor *Ludwig* addresses a plea agreement that waives all or most of the defendant's rights on appeal. Nevertheless, even though a defendant clearly is entitled to waive the right to an appeal by executing a plea agreement, even the broadest waiver does not absolutely foreclose some degree of appellate review. To the contrary, our cases have repeatedly recognized that a waiver of appeal rights can be challenged on various—albeit narrow—grounds, including "that it was not knowing and voluntary, was not taken in compliance with [Federal Rule of Criminal Procedure] 11, or was the product of ineffective assistance of counsel." *United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012) (internal quotation marks omitted); *see also United States v. Caruthers*, 458 F.3d 459, 471 & n.5 (6th Cir.) (noting that "an appellate waiver may not bar an appeal asserting that the sentence exceeds the statutory maximum," or a challenge claiming that the sentence was "based on constitutionally impermissible criteria like race"), *cert. denied*, 549 U.S. 1088 (2006). Thus, "[i]t is well settled in the federal courts that a defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court." *Caruthers*, 458 F.3d at 471 (internal quotation marks omitted).

Consequently, although appeal rights are often stringently narrowed pursuant to a defendant's plea agreement, there nevertheless are some instances in which defendants seeking an appeal are still entitled to their day in court. Thus, even where an appeal appears frivolous, an attorney's obligations to his or her client do not end at the moment

the guilty plea is entered. Instead, the Supreme Court's decision in *Anders v. California*, 386 U.S. 738 (1967), establishes a process through which the defendant can—with the help of counsel—obtain the requested review, thereby ensuring that his constitutional rights are intact; the court can efficiently dispose of claims that fall within the scope of the waiver; and the government may, but is not required to, respond to the potential issues on appeal. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007) (addressing the duties attorneys owe to their clients with respect to the appellate phase of a case involving an appeal waiver); *Campusano v. United States*, 442 F.3d 770, 774 (2d Cir. 2006) (Sotomayor, J.) (same). Thus, there is easily room for preserving both the efficiency interests that plea agreements promote and the interest in ensuring that defendants are not unfairly deprived of their chance at an appeal.

Our unpublished decision in *Wright v. United States*, 320 F. App'x 421 (6th Cir. 2009) (unpublished opinion), is not to the contrary. In *Wright*, this court extended the principles set out in *Ludwig* and *Flores-Ortega* to a case that, like this one, involved a plea agreement that contained a broad waiver of the right to appeal the defendant's conviction and sentence. *Id.* at 422. Despite the waiver, however, we determined that, if counsel had ignored the defendant's express instruction to file an appeal, such action "amounts to 'a per se violation of the Sixth Amendment,'" and thus, "regardless of the merits of [the defendant's] substantive claims," he would be entitled to relief under § 2255 if the district court on remand determined that there was "an actual request for an appeal." *Id.* at 426 (quoting *Ludwig*, 162 F.3d at 459).

The same is true here. Moreover, this conclusion is in accord with the majority of the circuits to have addressed the same question, all of which relied principally on *Flores-Ortega* to find the answer. *See Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007); *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007); *Poindexter*, 492 F.3d at 273; *Campusano*, 442 F.3d at 777; *Gomez-Diaz v. United States*, 433 F.3d 788, 793 (11th Cir. 2005); *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005); *United States v. Garrett*, 402 F.3d 1262, 1267 (10th Cir. 2005). We find the reasoning in these cases persuasive and now take this opportunity to join them.

We are fully aware that two circuits have parted ways with the majority on this issue. Predictably, rather than advocating the majority position, the government urges us to follow the minority view. *See Nunez v. United States*, 546 F.3d 450, 456 (7th Cir. 2008) (holding that once a defendant has validly waived his appellate rights, absent a non-frivolous issue that could be raised on appeal, "counsel should protect the client's interest in retaining the benefit of the plea bargain," even if it means ignoring a client's express instruction to appeal); *United States v. Mabry*, 536 F.3d 231, 241, 242 (3d Cir. 2008) (concluding that where an attorney fails to file a notice of appeal as directed after the defendant waived his appellate rights in a plea agreement, waiver is the "threshold issue," holding that a defendant cannot bring an ineffective-assistance claim under *Flores-Ortega* "unless the waiver fails to pass muster under an entirely different test: one that examines its knowing and voluntary nature and asks whether its enforcement would work a miscarriage of justice"), *cert. denied*, 129 S. Ct. 2789 (2009). For the reasons discussed above, we decline to do so. Instead, we believe that the outcome reached by the majority of the circuits and by our unpublished opinion in *Wright* is the more faithful application of both Supreme Court and Sixth Circuit precedent. Moreover, although *Nunez* in particular is largely grounded on a desire to protect the defendant from losing the benefit of a plea bargain, we do not agree that even that motive justifies the denial of reasonably effective counsel on appeal if the defendant chooses that course. Analogously, it is a defendant's prerogative to take the stand, enter a guilty plea, or waive a jury trial, even if counsel advises against those actions. *See* Model Rules of Prof'l Conduct R. 1.2(a) (1983). The same principle applies to the defendant's decision to pursue an appeal, even if that right has been severely limited and the outlook on the merits is bleak. As the Second Circuit noted:

> Admittedly, applying the *Flores-Ortega* presumption to post-waiver situations will bestow on most defendants nothing more than an opportunity to lose. There will not be many cases in which a defendant whose attorney fails to file a notice of appeal after a plea agreement and a waiver of appeal, and whose hypothetical appeal seems meritless during ineffective-assistance habeas review, eventually prevails. But rare as they might be, such cases are not inconceivable, and we do not cut corners when Sixth Amendment rights are at stake.

*Campusano*, 442 F.3d at 777. Nor, in light of the *Anders* procedure described above, do we find the efficiencies that result from first evaluating waiver as advocated in *Mabry* to be persuasive. We therefore hold that even when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal.

The final issue to be addressed is the appropriate course on remand. Although nothing in the record contradicts Campbell's assertion that he affirmatively expressed to counsel his desire for an appeal, the government has not conceded the point. Because the resolution of this factual issue is pivotal to Campbell's claim for relief, the district court must conduct an evidentiary hearing to determine if Campbell in fact expressed the desire for an appeal as he now asserts. *See Arredondo*, 178 F.3d at 782 (requiring a plea hearing unless "the record conclusively shows that the petitioner is entitled to no relief" (internal quotation marks omitted)); *see also Watson*, 493 F.3d at 964; *Tapp*, 491 F.3d at 266; *Poindexter*, 492 F.3d at 273; *Campusano*, 442 F.3d at 777; *Gomez-Diaz*, 433 F.3d at 792; *Sandoval-Lopez*, 409 F.3d at 1198; *Garrett*, 402 F.3d at 1267; *Wright*, 320 F. App'x at 426.[4]

## III. CONCLUSION

We recognize that, in light of the appeal waiver, the scope of the issues still appealable in this case is quite limited. Campbell's prospect of success on the merits is even more limited. Nevertheless, prevailing precedent from the Supreme Court, the Sixth Circuit, and the majority of our sister circuits mandates that even under these circumstances, a defendant is entitled to counsel who will follow through on express instructions to proceed with an appeal, no matter what the ultimate odds of success. Accordingly, we **VACATE** the district court's judgment and **REMAND** the case for an evidentiary hearing to determine whether Campbell directed his attorney to file a notice

---

[4]We granted Campbell a certificate of appealability only with respect to the issues related to "whether counsel must file an appeal when requested, even where the defendant has waived all or some of his appellate rights." *Campbell*, No. 11-3233, order at 3. We therefore do not address the remaining issues raised in Campbell's brief, all of which fall outside the scope of the certificate of appealability.

of appeal on his behalf.  If the district court finds that Campbell did so, his attorney's failure to file an appeal constituted ineffective assistance of counsel, and Campbell is entitled to file a delayed appeal.  If, on the other hand, the district court determines that Campbell provided no such instruction, Campbell is not entitled to any further relief.