**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 44015/44016**

| | | |
|---|---|---|
| **GILBERTO GARZA JR.,** | ) | **2017 Opinion No. 7** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: February 2, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgments summarily dismissing petitions for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Gilberto Garza Jr. appeals from the district court's summary dismissal of Garza's petitions for post-conviction relief. Specifically, Garza argues the district court erred because Garza's counsel rendered ineffective assistance by failing to file notices of appeal. For the reasons explained below, we affirm the district court.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

These consolidated appeals involve two underlying convictions and two post-conviction relief petitions. In Case No. CR-2014-09960, Garza entered an *Alford*[1] plea to aggravated assault, pursuant to Idaho Code §§ 18-901(a) and 18-905(a). In Case No. CR-2014-18183, Garza pled guilty to possession of a controlled substance with intent to distribute, pursuant to

_____

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

Idaho Code § 37-2732(a)(1)(A). Garza waived his right to appeal in both cases under binding Idaho Criminal Rule 11(f)(1)(C) plea agreements. At a joint sentencing hearing, the district court accepted the plea agreements.

Despite having waived his right to appeal, Garza instructed his attorney to file notices of appeal. His attorney declined, and no appeals were filed. Garza filed two petitions for post-conviction relief, which included allegations that his trial counsel was ineffective in failing to file notices of appeal within the forty-two-day limit. Garza's trial counsel noted in an affidavit that he "did not file the appeal(s) and informed Mr. Garza that an appeal was problematic because he waived his right to appeal in his Rule 11 agreements."

Garza filed motions for summary judgment and argued his right to appeal should be reinstated. The State cross-filed motions for summary dismissal. In addressing the motions, the district court focused on whether Garza's counsel was ineffective in failing to file appeals despite Garza's waiver of his appellate rights. The district court recognized that the issue is currently undecided in Idaho and that eight federal circuit courts adhere to the majority rule--prejudice is presumed when an attorney disregards the client's instruction to file an appeal, even if the client waived the right to appeal. The district court also considered the minority rule followed by two federal circuit courts--if a defendant waives his or her appellate rights, prejudice is not presumed when the attorney fails to file notices of appeal. The district court ultimately followed the minority rule and did not presume that counsel's failure to file notices of appeal was prejudicial. Instead, the district court required Garza to show prejudice and, specifically, to show nonfrivolous grounds for appeal (either that the appeal waiver is invalid or unenforceable or that the issues Garza wants to pursue on appeal are outside the scope of the waiver). Because Garza did not make any such showing, the district court summarily dismissed Garza's petitions. Garza timely appeals.

## II.

## ANALYSIS

Garza argues the district court erred in summarily dismissing his petitions for post-conviction relief. A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918,

2

921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281

3

(2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

In his petitions for post-conviction relief, Garza alleged his attorney rendered ineffective assistance of counsel by failing to file notices of appeal. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This

4

Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

As noted, it is currently undecided in Idaho whether counsel is ineffective in failing to file an appeal upon the defendant's request for an appeal, despite the defendant having waived the right to appeal as part of a plea agreement. Federal circuit courts are split on the issue. The majority of circuit courts have ruled that an attorney who ignores his or her client's request for an appeal is ineffective, regardless of whether the client waived the right to appeal. *See Campbell v. United States*, 686 F.3d 353 (6th Cir. 2012); *Watson v. United States*, 493 F.3d 960 (8th Cir. 2007); *United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007); *United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007); *Campusano v. United States*, 442 F.3d 770 (2d Cir. 2006); *Gomez-Diaz v. United States*, 433 F.3d 788 (11th Cir. 2005); *United States v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir. 2005); *United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005). In such circumstances, the majority rule presumes prejudice. *Campusano*, 442 F.3d at 772. A client need only show that he or she instructed his or her attorney to appeal in order to demonstrate prejudice under the second *Strickland* prong. *Poindexter*, 492 F.3d at 268-69.

The majority rule primarily relies on *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) for support. *See, e.g.*, *Poindexter*, 492 F.3d at 268. In *Flores-Ortega*, the United States Supreme Court addressed whether an attorney's performance was deficient in failing to file a notice of appeal when the defendant did not clearly express whether he wanted to appeal. *Flores-Ortega*, 528 U.S. at 477. The Supreme Court first noted that it has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477. Then, in specifically addressing the issue before the Court under the performance prong of the *Strickland* test, the Supreme Court ruled that an attorney has a constitutionally imposed duty to consult with his or her client "when there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. This is because "the decision to appeal rests with the defendant." *Id.* at 479.

Turning to the prejudice prong of the *Strickland* standard, the Supreme Court further ruled that "the even more serious denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right . . . demands a presumption of prejudice." *Flores-Ortega*, 528 U.S. at 483. Thus, the Supreme Court held, "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to appeal." *Id.* at 484. The circuit courts following the majority approach interpret this language to support the proposition that prejudice is presumed when an attorney ignores a defendant's instruction to file a timely notice of appeal even when a defendant has waived his or her appellate rights. *See, e.g.*, *Campbell*, 686 F.3d at 357. Notably, the defendant in *Flores-Ortega* did not waive his right to appeal. Regardless, the majority rule provides "it is only when the defendant either does not make his appellate wishes known or does not clearly express his wishes that an attorney has some latitude in deciding whether to file an appeal." *Poindexter*, 492 F.3d at 269. Accordingly, under the majority rule, an attorney is under an obligation to file an appeal if a defendant unequivocally instructs his or her attorney to file a timely notice of appeal. *Id.* "Simply put, *Flores-Ortega* reaffirms the time-honored principle that an attorney is not at liberty to disregard the appellate wishes of his client." *Poindexter*, 492 F.3d at 269. This is the case even when filing an appeal is contrary to the plea agreement or harmful to the defendant. *Sandoval-Lopez*, 409 F.3d at 1197.

Two circuit courts have rejected the majority rule. These circuits maintain that prejudice is not presumed when the defendant waives the right to appeal and the attorney fails to file an appeal upon the defendant's request. *See Nunez v. United States*, 546 F.3d 450 (7th Cir. 2008) *vacated on other grounds by Nunez v. United States*, 544 U.S. 911 (2008); *United States v. Mabry*, 536 F.3d 231 (3d Cir. 2008). Because prejudice is not presumed, the defendant must show nonfrivolous grounds for appeal. *Nunez*, 546 F.3d at 456.

In *Nunez*, the Seventh Circuit observed that an attorney has a judicial duty to avoid frivolous litigation, "and an appeal in the teeth of a valid waiver is frivolous." *Id.* at 455. An attorney also has a duty to avoid taking steps that will cost the defendant the benefit of the plea agreement. *Id.* Of course, a defendant may elect to withdraw the plea and instruct his or her attorney to subsequently file a notice of appeal--this "amounts to a declaration by the defendant of willingness to give up the plea's benefits, and withdrawal would abrogate the waiver too." *Id.*

6

But with the waiver in effect, the *Nunez* court ruled the attorney's "duty to protect his client's interests militates against filing an appeal." *Id.* This is because the benefits of the plea agreement are jeopardized if an attorney disregards the waiver and files an appeal. *Id.* The Seventh Circuit further held that "a lawyer should do what's best for the client, which usually means preserving the benefit of the plea bargain. That this approach also honors the lawyer's duty to avoid frivolous litigation is an extra benefit." *Id.*

Following suit, the Third Circuit agreed with the approach in *Nunez* and adopted the minority rule. *Mabry*, 536 F.3d at 241. The court in *Mabry* held that the majority rule "curiously . . . focuses not on the waiver but on the importance of the right to appeal" and, in doing so, "applie[s] *Flores-Ortega* to a situation in which it simply does not 'fit.'" *Mabry*, 536 F.3d at 233, 241. Pointing out the absence of a waiver in *Flores-Ortega*, the court noted that "surely, the right to appeal that has been waived stands on a different footing from a preserved right to appeal, both conceptually and in relation to counsel's duty to his client with respect thereto." *Id.* at 242. *Mabry* focused on the validity of the waiver as a threshold issue and ended the analysis after concluding the defendant's waiver was valid--without addressing the *Strickland* test. *Mabry*, 536 F.3d at 242.

We are persuaded by the minority approach. Once a defendant makes the decision to waive his or her rights to appeal, the defendant "has no right to countermand such a formal choice." *Nunez*, 546 F.3d at 455. Garza exchanged his right to appeal for prosecutorial concessions. He "cannot have his cake and eat it too." *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995).

It is true that a defendant may still file a notice of appeal after waiving his or her appellate rights--but the appellate waiver denies the defendant a decision on the merits. This is because, as a result of the waiver, he lacks the right to appeal. As the district court noted, "because [Garza] waived the right to appeal, all he loses is the opportunity to see his appeal dismissed without a decision on the merits. This short-circuited appellate proceeding is not the kind of 'entire judicial proceeding' whose loss demands a presumption of prejudice." (quoting *Flores-Ortega*, 528 U.S. at 483). Moreover, forcing an attorney to file an appeal--despite a waiver of appellate rights--impedes an attorney's ability to exercise professional judgment in deciding whether to file a notice of appeal. *See Nunez*, 546 F.3d at 456. An attorney has a duty

to avoid frivolous litigation, and filing a futile appeal is frivolous. Frivolous appeals drain judicial resources and jeopardize the integrity of the judicial system.

Furthermore, while the majority rule purports to safeguard a defendant's rights, the minority approach better protects defendants. When a defendant waives his or her appellate rights pursuant to a plea agreement, and the attorney then follows the defendant's instructions to file an appeal, the defendant's plea agreement is rendered meaningless. The State may then withdraw concessions and would likely be hesitant to make future concessions with that defendant. On a bigger scale, "if defendants could retract their waivers . . . then they could not obtain concessions by promising not to appeal." *Wenger*, 58 F.3d at 282. In sum, the minority rule advances the attorney's duty to preserve the benefit of the plea agreement--thereby protecting the defendant.

Because prejudice is not presumed, Garza was required to make a showing of prejudice with evidence that the waiver was invalid or unenforceable or that the claimed issues on appeal were outside the scope of the waiver. Garza has made no such showing or argument. Therefore, the district court did not err in summarily dismissing Garza's petitions for post-conviction relief.

## III.

## CONCLUSION

The district court did not err in summarily dismissing Garza's petitions for post-conviction relief because, given that Garza waived his right to appeal, his counsel was not ineffective in refusing to file notices of appeal. We affirm the district court. Costs awarded to the respondent on appeal.

Judge MELANSON and Judge HUSKEY **CONCUR**.