**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 19a0403n.06

Case No. 18-1889

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 02, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| DIONDRE SMITH, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: MOORE, COOK, and THAPAR, Circuit Judges.

COOK, Circuit Judge. When Diondre Smith pleaded guilty to conspiring to distribute cocaine, he agreed not to appeal his mandatory minimum 120-month sentence. Smith nevertheless challenges his sentence, the plea agreement provision waiving his right to appeal, and the district court's decision to accept his plea. Because Smith knowingly entered the agreement with the corollary appellate waiver, we enforce it by affirming the district court's judgment and dismissing Smith's appeal.

**I.**

In 2017, Smith pleaded guilty to conspiracy to possess and distribute cocaine and, as part of his plea bargain, "waive[d] any right he may have to appeal his sentence" unless it exceeded "the maximum allowed by Part 3 of th[e] agreement." Part 3 capped Smith's sentence at "the top

of the sentencing guideline range as determined by Paragraph 2B," and, important for that deal (and this appeal), established a floor: "the [c]ourt must impose a sentence of at least 120-months." Paragraph 2B clarified that the mandatory minimum sentence exceeded, and therefore, "superseded," the parties' 87-to-108-month guideline calculation. R. 46, PageID 94–95.

At the hearing before the district court to accept his plea, Smith replied "yes" when asked if he understood the possible penalties, including the 120-month statutory minimum. And after the court explained that his guilty plea "waive[d] his right to appeal the conviction or sentence," save for an ineffective-assistance claim, Smith confirmed he understood the provision, having reviewed the agreement with counsel in advance. Satisfied that Smith knowingly and voluntarily entered the agreement, the court accepted his guilty plea and sentenced him to 120-months' imprisonment. This appeal followed.

## II.

At the outset, we consider the plea agreement's appellate waiver provision and review de novo whether Smith waived his right to appeal in a valid plea agreement. *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005).

Smith waived any right to appeal his sentence with one condition: at least 120-months' imprisonment, not to exceed the top of the sentencing guideline range. R. 46, PageID 96, 98. Smith first insists that he did not waive his right to appeal a sentence greater than the parties' 87-to-108-month recommendation. The agreement plainly forecloses that argument: application of the 120-month mandatory minimum "superseded" the otherwise applicable guideline range. R. 46, PageID 94–95. The court explained, "[t]hat's done under a statute, so whereas the guidelines are advisory, the statute is in stone. I can't go less than 120," and Smith confirmed that he understood. R. 67, PageID 195–96.

Smith also attacks the waiver provision as ambiguous, but our precedents foreclose that argument too. *See, e.g.*, *United States v. Keller*, 665 F.3d 711, 717–18 (6th Cir. 2011) (finding identical appellate waiver provision unambiguous); *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (same).

Because the court sentenced Smith according to the agreement, the appellate waiver holds, and Smith is bound by it—so long as he understood it. *See United States v. Sharp*, 442 F.3d 946, 949 (6th Cir. 2006) ("[A] waiver is effective only if understood by the defendant."). Thus, we entertain only Smith's challenges to the waiver itself "on various—albeit narrow—grounds, including that it was not knowing and voluntary [or] was not taken in compliance with" Rule 11. *Campbell v. United States*, 686 F.3d 353, 358 (6th Cir. 2012) (internal quotation marks omitted). Smith argues both to no avail.

As the recitation of facts here makes plain, the district court more than satisfied Rule 11's mandate to inform Smith of, and determine that he understood the terms of, his waiver. *See* Fed. R. Crim. P. 11(b)(1)(N). And when the court asked, Smith testified that he understood the waiver's terms. What's more, Rule 11 does not require "ask[ing] a particular question about the appellate-waiver provision," *Sharp*, 442 F.3d at 951, but the district judge did so anyway, explaining the waiver's ineffective-assistance-claim exception until Smith confirmed his understanding. Given Smith's testimony in open court and the court's specific inquiry about the appellate waiver, we conclude that Smith was informed of and understood the provision.

But Smith rightly faults the district court for failing to address possible departures under the sentencing guidelines and the 18 U.S.C. § 3553(a) sentencing factors. *See* Fed. R. Crim. P. 11(b)(1)(M). The judge mentioned neither before accepting Smith's plea, but that amounts to, at most, a minor departure from Rule 11's requirements. *See United States v. Banks*, 467 F. App'x

468, 473 (6th Cir. 2012) ("[T]he district court's minor departure from Rule 11(b)(1)(M) does not warrant reversal by this court."). And, this being the first time he lodges a Rule 11 complaint, Smith must show that, but for the court's error, "he would not have entered [his] plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004). He cannot. When Smith entered his plea, he understood that the court lacked authority to impose a sentence below the 120-month mandatory minimum he ultimately received. Though the district court did not say precisely that it was required to consider possible departures and other sentencing factors, Smith fails to show how this omission affected his substantial rights.

**III.**

The district court complied with Rule 11 when it accepted Smith's plea and we AFFIRM its judgment. We DISMISS Smith's appeal, finding that he entered his plea agreement—and accepted the appellate waiver provision—knowingly and voluntarily.

**KAREN NELSON MOORE, Circuit Judge, concurring in the judgment.** I agree with the majority's conclusion today that, because Smith's appellate waiver is valid, we must dismiss his appeal. I write separately to note my concern with some of the circumstances surrounding Smith's sentence and plea agreement. Specifically, at Smith's plea hearing, the government explained that it had "made it clear that Mr. Smith [wa]s safety-valve eligible" under 18 U.S.C. § 3553(f) and that Smith "had the option of a 15-to-21-months result as opposed to a 121-month [sic] mandatory minimum." R. 67 (Plea Hr'g Tr. at 9) (Page ID #192). At Smith's sentencing hearing, however, Smith's counsel confirmed that Smith had two criminal history points based upon two qualifying state convictions, thereby making him ineligible for a reduced sentence under the safety-valve provision of § 3553(f). R. 68 (Sent'g Hr'g Tr. at 5–6) (Page ID #213–14). And both Smith and Smith's counsel agreed that they had no corrections to the presentence investigation report ("PSR"), which described the two qualifying state convictions. *Id.* at 4 (Page ID #212). As Smith's appellate counsel has pointed out, however, based on the relevant state records, it is not at all clear that Smith's two convictions should have disqualified him from a sentence reduction under § 3553(f). This is particularly true since it appears that none of these state records were presented to the district court either at the sentencing or plea hearings. Def.'s Mot. to Take Judicial Notice at 4. Notably, while these concerns do not invalidate his appellate waiver, neither the majority's decision today nor Smith's plea agreement prohibit Smith from filing a petition under 28 U.S.C. § 2255 raising a claim of ineffective assistance of counsel. For the reasons stated above, I therefore concur in the judgment.