James F. SHAW, Appellant,

v.

UNITED STATES of America, Appellee.

No. 93–2052.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 15, 1993.

Decided May 16, 1994.

Darla Rogers, Onida, SD, argued, for appellant.

Bonnie Ulrich, Sioux Falls, SD, argued, for appellee.

Before FAGG, BOWMAN, and MAGILL, Circuit Judges.

BOWMAN, Circuit Judge.

James F. Shaw, Sr., appeals the judgment of the District Court denying his petition for relief under 28 U.S.C. § 2255. We vacate the judgment and remand the case for further proceedings.

I.

In 1986, a jury found that Shaw repeatedly had engaged in sexual intercourse during 1984 and 1985 with his eleven-year-old foster daughter. The jury found Shaw guilty under 18 U.S.C. § 2032 (1982) (repealed 1986) on seven counts of having carnal knowledge of

her,[1] and the District Court sentenced Shaw to a twenty-five-year term of imprisonment.

At trial, the girl, then thirteen years old, testified during the government's case-in-chief, telling the jury in detail about her sexual encounters with Shaw. The government also offered the testimony during its case-in-chief of Betty Kalblinger, a physician's assistant, who testified that the girl had a widened hymenal opening, which indicated that she had had sexual intercourse.

The government did not offer any evidence in its case-in-chief that the victim had contracted any venereal diseases, nor that Shaw had any such diseases. On cross-examination, Kalblinger acknowledged that she had detected no signs of any venereal diseases in the victim and that the results of a gonorrhea smear she had conducted were negative.

In his defense, Shaw offered the medical testimony of Dr. Mark C. Werpy, a physician, that the victim's hymenal opening was not large enough to have allowed Shaw to perpetrate the acts of which he was accused. Werpy also testified that he saw no evidence of venereal diseases in the victim.

The government responded on rebuttal with testimony from Dr. Clark W. Likness, a physician, and Catherine Buck, a nurse midwife, that the state of the victim's hymen indicated she could have had intercourse with Shaw and that the victim had contracted two venereal diseases. No evidence ever was introduced to show that Shaw had had any venereal diseases.

As required by Federal Rule of Evidence 412,[2] Shaw filed two written pretrial motions in which, for the purpose of showing that he was not the cause of the victim's widened hymen, he sought permission to introduce the testimony of seven boys who claimed they had engaged in sexual intercourse with

the victim. The District Court denied the motions, and, although Shaw persisted in his attempts to introduce this testimony during the trial, the boys were not allowed to testify.

On direct appeal, Shaw raised this issue as a basis for reversal of his convictions. This Court specifically declined to review Shaw's claims that the evidence should have been admitted as "constitutionally required" under Rule 412(b)(1), and under Rule 412(b)(2)(A) to show an alternative source of the victim's, venereal diseases, because we concluded that these bases for allowing the jury to hear the boys' testimony, although raised on appeal, had not been offered to the District Court. *United States v. Shaw,* 824 F.2d 601, 603 n. 2, 606 n. 6 (8th Cir.1987), *cert. denied,* 484 U.S. 1068, 108 S.Ct. 1033, 98 L.Ed.2d 997 (1988).

Instead, this Court only considered "whether the testimony elicited by the government regarding the condition of [the victim]'s hymen created an issue of whether Shaw was or was not, with respect to [the victim], 'the source of semen or injury.' " *Id.* at 604 (quoting Fed.R.Evid. 412(b)(2)(A)). To resolve this issue, we found it necessary to "examine the relevant testimony to determine whether the described condition of [the victim]'s hymen constitute[d] an injury." *Id.*

This Court's review of the record indicated that the witnesses testified "that [the victim]'s hymen was not intact; it had been stretched; her vaginal orifice was widened." *Id.* at 605. Furthermore, "[t]he witnesses expressly disavowed finding any evidence of tears to [the victim]'s hymen, cuts, scratches, bruises, blood, injury to the vaginal canal, tears that may have healed, or scars[, any of which] would [have] demonstrate[d] infliction of an injury." *Id.* The testimony, we concluded, failed to establish that the victim had

---

1. Shaw is an Indian, and the offenses allegedly were committed within Indian country.. Accordingly, jurisdiction in the District Court was based on 18 U.S.C. § 1153 (1988).

2. Federal Rule of Evidence 412, the federal rape-shield law, limits the admissibility of evidence of the sexual history of victims of certain sexual offenses. Under Rule 412(b), evidence of the victim's past sexual behavior generally is inadmissible. There are three exceptions to this gen-

eral exclusionary policy, two of which are relevant in this case. First, Rule 412(b)(1) provides for the admission of such evidence where it "is constitutionally required to be admitted." Second, under Rule 412(b)(2)(A), evidence of the victim's past sexual behavior is admissible when "offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury."

been "injured" within the meaning of Rule 412(b)(2)(A). We supported our reading of Rule 412(b)(2)(A)'s "injury" exception by reading into the rule an intention on the part of Congress to limit the exception's scope to evidence of past sexual behavior that was "sustained reasonably close in time to the alleged rape." *Id.* at 607–08.

Although we considered it to be "compelling," *id.* at 606, we rejected Shaw's argument that, when the prosecution offers evidence of the victim's physical condition to corroborate her testimony that the act took place, the defendant should be allowed to offer evidence of the victim's past sexual behavior to show an alternative source for that physical condition, *id.* at 605–06. Instead, we concluded that Congress intended that Rule 412(b)(2)(A) would allow only the admission of evidence to show an alternative source for physical consequences that constitute injuries. *Id.* at 606–07. We held that, because the testimony at trial failed to establish that the widening of the victim's hymen involved an "injury," Rule 412(b)(2)(A) was of no avail to Shaw. Accordingly, we found no error in the District Court's exclusion of the boys' testimony, which Shaw had offered only on the issue of whether he was the source of the girl's widened hymen. This Court then rejected the remainder of Shaw's arguments and affirmed his convictions and sentence.

Shaw's § 2255 petition raises ineffective assistance of counsel, asserting several related claims. Shaw first asserts that his trial counsel was constitutionally ineffective because counsel failed to offer the evidence of the victim's past sexual behavior under Rule 412(b)(1), as well as under Rule 412(b)(2)(A), to show an alternative source for the victim's venereal diseases. Shaw also argues that his trial counsel was constitutionally ineffective for failing to offer the evidence of the victim's past sexual behavior under Rule 412(b)(1) to provide an alternative explanation for the victim's widened hymen. Finally, Shaw contends that counsel was ineffective for failing to offer the evidence under Rule 412(b)(1) to provide an alternative explanation for the victim's sexual knowledge. In support of this contention, he argues that the detail in which the victim testified during the government's case-in-chief regarding the sexual acts Shaw allegedly perpetrated allowed the jury to infer that the victim must have experienced the acts, and that, owing to her young age, she must have experienced them with him.

The District Court denied Shaw's § 2255 petition. *Shaw v. United States,* 812 F.Supp. 154 (D.S.D.1993). It entered its order, however, before the completion of discovery, which included the efforts of a court-hired investigator to find and interview Shaw's witnesses, and without holding an evidentiary hearing at which Shaw's trial counsel could be questioned regarding the bases for his actions. Shaw appeals, claiming the District Court ruled prematurely because it had not allowed discovery to run its course or held an evidentiary hearing.

## II.

■ Shaw alleges that his trial counsel was constitutionally ineffective. To determine whether counsel was ineffective, a court must apply the now-familiar standard of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this standard,

> [t]o establish that his trial counsel was constitutionally ineffective, a habeas petitioner must show that his counsel's performance was deficient and that he was prejudiced by this deficiency. Counsel's representation was deficient if it fell below an objective standard of reasonableness, and the petitioner was prejudiced by this deficiency if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Trial counsel's representation is entitled to a strong presumption of reasonableness, and [the reviewing court] must not examine counsel's conduct with the aid of hindsight lenses that bring into focus what counsel's best course of action would have been.... [T]rial counsel's reasonable trial strategies cannot constitute ineffective assistance, even if they are unsuccessful.

*Flieger v. Delo,* 16 F.3d 878, 885–86 (8th Cir.1994) (internal quotation marks and citations omitted).

We review for an abuse of discretion the District Court's decision not to hold an evidentiary hearing on Shaw's ineffectiveness claims. *Widgery v. United States,* 796 F.2d 223, 224 (8th Cir.1986). The court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based. *Larson v. United States,* 905 F.2d 218, 220–21 (8th Cir.1990), *cert. denied,* — U.S. ——, 113 S.Ct. 1278, 122 L.Ed.2d 672 (1993).

Shaw's claim, reduced to its essence, is that his trial counsel failed to rely on exceptions to the rape-shield law that would have allowed for the admission of evidence that would have provided the jury with an alternative explanation for the victim's knowledge of sexual acts and for the physical consequences of intercourse, both the widened hymen and the venereal diseases, shown by the government's evidence. We cannot conclude that this claim is inadequate on its face with respect to either the deficient-performance component or the prejudice component of the *Strickland* test. Moreover, as is generally true when the petitioner's claim is that his trial counsel was constitutionally ineffective, the files and records of this case do not conclusively show that Shaw is entitled to no relief.

Further proceedings therefore are required in this case. On remand, the District Court should allow discovery to be completed and should hold an evidentiary hearing at which, among other things, the reasons for trial counsel's limited offer of the boys' testimony can be ascertained. Upon a properly developed record, the District Court should apply the *Strickland* standard to determine whether Shaw is entitled to relief.

### III.

The District Court's ruling dismissing Shaw's § 2255 petition was premature. The judgment of the District Court is vacated and the case is remanded for further proceedings consistent with this opinion.