# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3104

_____

Fred Watson, Jr.,                        *
                                         *
            Petitioner/Appellant,        *
                                         * Appeal from the United States
      v.                                 * District Court for the
                                         * Eastern District of Missouri.
United States of America,                *
                                         *
            Respondent/Appellee.         *

_____

Submitted: June 14, 2007
Filed: July 18, 2007

_____

Before MURPHY, BEAM, and SHEPHERD, Circuit Judges.

_____

MURPHY, Circuit Judge.

Watson pled guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and was sentenced to 87 months. Watson later filed a motion to vacate, set aside, or modify his sentence under 28 U.S.C. § 2255, arguing among other things that he was denied effective assistance of counsel when his counsel failed to file a notice of appeal as instructed. The district court denied his petition without a hearing, and Watson appeals. We remand for further proceedings.

Watson and several codefendants were each indicted on one count of conspiracy to distribute more than 5 kilograms of cocaine and one count of forfeiture.

Pursuant to a plea agreement Watson appeared with attorney Stephen Welby on August 29, 2003 to plead guilty to the forfeiture count and to the lesser included charge of conspiracy to distribute more than 500 grams of cocaine. In exchange, the government agreed not to bring additional charges in the Eastern District of Missouri in connection with his distribution of cocaine and not to seek enhanced penalties based on a prior drug conviction. See 21 U.S.C. § 851.

Watson stipulated in the agreement that he had been fronted cocaine on multiple occasions by Dimitri Bibbs, who later became an informant for the government. He also agreed to forfeit a number of items seized during a search of his residence, including a .25 caliber pistol with a defaced serial number, and he stipulated that all forfeited items were "used or intended to be used . . . to commit or facilitate" the offense. As part of the plea agreement, both Watson and the government waived the right to appeal the conviction and sentence with respect to all non jurisdictional issues except the district court's use of certain departures at sentencing. Watson also agreed to waive the right to bring most post conviction challenges, but retained the right to challenge the proceedings under 28 U.S.C. § 2255 based on ineffective assistance of counsel.

At the sentencing hearing on January 27, 2004, the district court calculated a base offense of level of 30 based on a drug quantity of 3.5 to 5 kilograms of cocaine, U.S.S.G. § 2D1.1(c), as recommended in both the plea agreement and presentence report. The court then applied a two level enhancement for possession of a gun in connection with the offense, see id. 2D1.1(b)(1), and a three level reduction for acceptance of responsibility, see id. §§ 3E1.1(a), (b), resulting in a total offense level of 29. With a criminal history category I, Watson had an advisory guidelines range of 87 to 108 months. The district court sentenced him to 87 months. No direct appeal was filed.

Some six months later, Watson filed a pro se motion under 28 U.S.C. § 2255. In his motion he claimed that he had been denied his constitutional right to effective

assistance of counsel. He first alleged that his trial attorneys – Welby and N. Scott Rosenblum – failed to file a notice of appeal despite his "request and insistence" that they do so. He sought resentencing so that his time to appeal could start anew. He also alleged ineffective assistance as a result of his counsel's failure to object at sentencing to the relevant drug quantities and the gun enhancement, as well as their failure to challenge the validity of his indictment and the factual basis of his guilty plea.

The district court denied the motion on June 19, 2006 without a hearing, concluding that none of the grounds urged by Watson amounted to ineffective assistance of counsel. Relevant to this appeal, the district court rejected Watson's claim that his attorneys unreasonably failed to file a notice of appeal. The court acknowledged the Supreme Court's decision in Roe v. Flores-Ortega, 528 U.S. 470, 477, 486 (2000), which held that an attorney's failure to file a notice of appeal after being requested to do so by the client amounts to per se ineffective assistance regardless of the appeal's apparent likelihood of success. The district court determined that Watson had not offered sufficient evidence that he had asked his attorneys to appeal. It characterized his allegation that he had made such a request as a "bare assertion" which was insufficient to entitle him to relief or to a further inquiry. The district court also refused to grant a certificate of appealability, a prerequisite to appellate review of its order. See 28 U.S.C. § 2253(c)(1).

Watson filed an application for a certificate of appealability with this court on the issue of whether his right to effective assistance of counsel was violated by the failure of his trial attorneys to file a notice of appeal as he requested. After considering the application, we granted a certificate on that issue. Watson now appeals the denial of his § 2255 motion, arguing that his factual allegations, if taken as true, would entitle him to relief without first having to prove that an appeal would be meritorious or likely to succeed. He contends that he was entitled to a hearing to determine the credibility of those allegations. He complains in addition that his

counsel did not object to the factual basis of his plea agreement and did not object at sentencing to the relevant drug quantities and gun enhancement.

In its brief the government responded that the district court did not need to hold a hearing on Watson's claim, not because his allegation was incredible on its face but because even if he had requested an appeal as alleged, he would not be entitled to relief. The government contended that an appeal filed by his attorneys in response to his request would have been frivolous since Watson had already waived nearly all appeal rights in the plea agreement. It expressed the view that the failure to file an appeal was therefore unlikely to have prejudiced Watson.

At oral argument, Watson's counsel approached the podium and announced that the government wished to make a statement. Government counsel then reported that it had recently become aware that its position ran counter to that of at least two circuits, which held that the failure of counsel to file a requested appeal amounted to ineffective assistance even if a petitioner had waived his appeal rights in a plea agreement. See Campusano v. United States, 442 F.3d 770, 775 (2d Cir. 2006); United States v. Garrett, 402 F.3d 1262, 1267 (10th Cir. 2005). Because it did not wish to urge a circuit split, the government conceded that the case should be remanded to the district court for an evidentiary hearing to determine whether Watson discussed the filing of an appeal with his attorneys.

Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. A petitioner is entitled to an evidentiary hearing on his § 2255 claim unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. No hearing is required where the claim "is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Shaw v. United States, 24 F.3d 1040, 1043 (8th

Cir. 1994). We review de novo a district court's denial of a § 2255 motion without an evidentiary hearing. Buster v. United States, 447 F.3d 1130, 1132 (8th Cir. 2006).

Watson claims that his counsel was ineffective in failing to honor his request to file a direct appeal. To prevail on an ineffective assistance of counsel claim, a petitioner generally must show that his counsel's performance "fell below an objective standard of reasonableness" and that he was prejudiced by this deficiency. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Where an attorney disregards specific instructions from a defendant to file a notice of appeal, he "acts in a manner that is professionally unreasonable."[1] Flores-Ortega, 528 U.S. at 477. In such a case, prejudice is presumed because the defendant has forfeited his right to an appellate proceeding as a result of his counsel's error. Id. at 483-84. The court need not inquire into whether the intended appeal would be meritorious or likely to succeed. See Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000).

The issue on appeal is whether the presumption of prejudice announced in Flores-Ortega applies where the petitioner has waived appellate rights as a part of a plea agreement. At the time this case was argued, the Second, Tenth, and Eleventh Circuits had all held that it does. See Campusano, 442 F.3d 770; Garrett, 402 F.3d 1262; Gomez-Diaz v. United States, 433 F.3d 789 (11th Cir. 2005). The Fourth and Fifth Circuits recently joined them in that conclusion. See United States v. Poindexter, 05-7635/7636, 2007 U.S. App. LEXIS 15360 (4th Cir. June 28, 2007); United States v. Tapp, 05-30222, 2007 U.S. App. LEXIS 15343 (5th Cir. June 28, 2007). This view is most consistent with the Supreme Court's holding in Flores-

---

[1]Where a defendant has not specifically requested an appeal, the reasonableness of counsel's conduct is judged by whether counsel had a duty to consult the client about the possibility of an appeal. Flores-Ortega, 528 U.S. at 480. This duty is triggered where there is reason to believe that a rational defendant would want to appeal or where the client has reasonably demonstrated an interest in appealing. Id.

Ortega that a defendant is prejudiced by the forfeiture of an appeal regardless of its apparent merit.

Although the waiver in Watson's plea agreement limits the circumstances under which he may take a direct appeal of his conviction or sentence, it does not foreclose appeal altogether. The "limited perspective of collateral review" is not the appropriate vantage point from which to assess whether Watson might have any meritorious issues that can be raised on appeal in spite of his waiver. See Garrett, 402 F.3d at 1267; cf. United States v. Aronja-Inda, 422 F.3d 734, 737 (8th Cir. 2005) (government bears burden of establishing that appeal is barred by waiver, including that application of waiver would not "result in a miscarriage of justice"). We conclude that if Watson asked his attorneys to file a notice of appeal and they did not, he was denied effective assistance of counsel and is entitled to resentencing so that he can file a timely appeal. See Barger, 204 F.3d at 1182.

The only remaining issue is whether the district court erred by not holding an evidentiary hearing. Where petitioner's allegations, if true, amount to ineffective assistance of counsel, a hearing must be held unless the record "affirmatively refutes the factual assertions upon which [the claim] is based." Shaw, 24 F.3d at 1043. There is no evidence in the record to contradict Watson's assertion that he requested an appeal. Although the district court was not required to credit Watson's assertion, see Barger, 204 F.3d at 1182, it was required to hold a hearing before making factual determinations about Watson's credibility. See Koskela v. United States, 235 F.3d 1148, 1149 (8th Cir. 2001); see also Machibroda v. United States, 368 U.S. 487, 494-95 (1962) (noting that hearing is appropriate where petitioner's allegations relate to "purported occurrences outside the courtroom and upon which the record could,

therefore, cast no real light"). We agree with both parties that remand is appropriate so that a hearing can be held as to whether Watson requested an appeal.[2]

For the foregoing reasons, we vacate the order of the district court and remand the case for further proceedings consistent with this opinion.

BEAM, Circuit Judge, concurring.

I concur in the result reached by the court.

_____

[2]We decline to reach Watson's other arguments as they are outside the scope of the certificate of appealability. See Richardson v. Bowersox, 188 F.3d 973, 982 (8th Cir. 1999).