PER CURIAM.
Teresa Witthar petitioned for relief under 28 U.S.C. § 2255, arguing that she was denied effective assistance of counsel when her attorney failed to file a requested notice of appeal. The district court denied Witthar’s petition on the merits without an evidentiary hearing. We reverse and remand.
Witthar pleaded guilty to conspiracy against rights, obstruction of justice, and interference with fair housing rights. See 18 U.S.C. §§ 241, 1512(b)(1); 42 U.S.C. § 3631. In her plea agreement, Witthar waived her right to appeal or collaterally attack a finding of guilt. She further waived her right to appeal or collaterally attack her sentence on any ground except: (1) ineffective assistance of counsel, (2) prosecutorial misconduct, (3) a sentence imposed in excess of the statutory maximum, or (4) an illegal sentence. In exchange, the Government agreed to advocate for a sentence at the bottom of her advisory guidelines range, to dismiss the four other counts of the indictment, and to refrain from bringing additional charges related to her crimes. The district court sentenced Witthar to 63 months’ imprisonment, a sentence at the bottom of her advisory guidelines range. No appeal followed.
Eleven months later, Witthar filed a pro se petition under 28 U.S.C. § 2255, alleging, among other claims of ineffective assistance of counsel, that her attorney had failed to file a requested notice of appeal. Witthar claimed that she had asked her attorney to file an appeal after sentencing, *922 but he “refused” to speak with her about it and “said he was finished with [her] case and that was it.” The district court ordered the Government to show cause why-relief should not be granted, and, in response, the Government submitted an affidavit from Witthar’s attorney stating that Witthar had not asked him to file an appeal. The Government also argued that Witthar’s petition was factually deficient because it presented only conclusory allegations. See Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir.1985). The district court denied Witthar’s § 2255 failure-to-appeal claim without conducting an evi-dentiary hearing because it found that Witthar’s “bare, conclusory allegations” did not entitle her to relief. The court denied relief on her other ineffective assistance of counsel claims either because they were precluded by her waiver of collateral attack or because she did not make the required showing of deficient performance and prejudice.
Before us, Witthar challenges only the district court’s resolution of her claim regarding counsel’s failure to file the requested appeal. She contends that the court erred by denying relief without holding an evidentiary hearing. “Evidentiary hearings on 28 U.S.C. § 2255 motions are preferred, and the general rule is that a hearing is necessary prior to the motion’s disposition if a factual dispute exists.” Thomas v. United States, 737 F.3d 1202, 1206 (8th Cir.2013), cert. denied, 572 U.S. -, 134 S.Ct. 2323, 189 L.Ed.2d 198 (2014). A petitioner “is entitled to an evi-dentiary hearing ... unless ‘the motion and the files and the records of the case conclusively show that [she] is entitled to no relief.’ ” Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir.2008) (quoting 28 U.S.C. § 2255(b)). “We review a district court’s decision to deny an evidentia-ry hearing for abuse of discretion; however, we are obligated ‘to look behind that discretionary decision to the court’s rejection of the claim on its merits, which is a legal conclusion that we review de novo.’ ” Thomas, 737 F.3d at 1206 (quoting Noe v. United States, 601 F.3d 784, 792 (8th Cir. 2010)).
When a petitioner claims ineffective assistance of counsel, she generally must establish: (1) that her counsel’s performance “fell below an objective standard of reasonableness” and (2) that she suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An attorney’s failure to file a requested appeal automatically satisfies the deficient-performance prong of Strickland because it is “professionally unreasonable.” Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 483, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)). “This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel,” and counsel’s “failure to file reflects inattention to the defendant’s wishes.” Flores-Ortega, 528 U.S. at 477, 120 S.Ct. 1029. And if an attorney fails to honor this request, the defendant forfeits her right to an appellate proceeding. Id. at 483,120 S.Ct. 1029.
No showing of prejudice is required in this unique circumstance. Bar-ger v. United States, 204 F.3d 1180, 1182 (8th Cir.2000) (noting that “no inquiry into prejudice or likely success on appeal [is] necessary”). An attorney’s failure to file a requested appeal amounts to the denial of counsel’s assistance at a critical stage of the judicial proceeding. United States v. Cronic, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). And when a defendant is denied, either actually or constructively, such assistance, “ ‘the adversary process itself [is] presumptively unreliable.’ ” Flores-Ortega, 528 U.S. at 483, 120 S.Ct. 1029 (alteration in original) (quoting *923 Cronic, 466 U.S. at 659, 104 S.Ct. 2039). The court thus does not require an affirmative showing on the second prong of Strickland. Instead, prejudice is presumed. Id.
Like many of our sister circuits, we extend the presumption of prejudice even to cases in which the petitioner has waived her right to appeal. Watson, 493 F.3d at 960;[2] accord Campbell v. United States, 686 F.3d 353, 357-60 (6th Cir.2012); United States v. Poindexter, 492 F.3d 263, 268-69 (4th Cir.2007); United States v. Tapp, 491 F.3d 263, 265-66 (5th Cir.2007); Campusano v. United States, 442 F.3d 770, 772-77 (2d Cir.2006); Gomez-Diaz v. United States, 433 F.3d 788, 791-94 (11th Cir.2005); United States v. Sandoval-Lopez, 409 F.3d 1193, 1195-99 (9th Cir.2005); United States v. Garrett, 402 F.3d 1262, 1265-67 (10th Cir.2005). We have reasoned that “[t]he ‘limited perspective of collateral review* is not the appropriate vantage point from which to assess whether [a petitioner] might have any meritorious issues that can be raised on appeal in spite of [a] waiver.” Watson, 493 F.3d at 964 (quoting Garrett, 402 F.3d at 1267). Accordingly, if the evidence shows that a petitioner asked counsel to appeal and counsel refused, the petitioner is entitled to relief, even if she has waived that appellate right. Id.
The district court denied Witthar § 2255 relief without a hearing because it determined that Witthar raised only bare allegations of deficient performance, and the court noted that the affidavit submitted by Witthar’s trial counsel disputed her claims. See Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir.1994) (“[A] claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.”). We disagree with the court’s determination.
As an initial matter, the district court erred when it held that Witthar’s claim was inadequate on its face. Witt-har’s verified pro se petition set forth the necessary elements of her ineffective assistance of counsel claim: (1) she instructed her trial attorney to file an appeal and (2) he failed to do so. Because failure to file a requested appeal is deficient performance and because we presume prejudice, these allegations alone generally are sufficient to warrant a hearing. See Watson, 493 F.3d at 964; Barger, 204 F.3d at 1181-82 (“[A]n attorney’s failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary.”). And the district court had only the contradictory affidavit from Witthar’s attorney to discredit her allegations.
When a district court receives conflicting statements—one from a § 2255 petitioner and one from her former counsel—the court cannot “mak[e] a factual determination based on the relative credibility of [these individuals] without the benefit of an evidentiary hearing.” Franco v. United States, 762 F.3d 761, 765 (8th Cir.2014). If neither statement is facially incredible and both contain “similar specificity” regarding when the alleged appeal-request conversations “took place (or did not take place),” id. at 764-65, counsel’s contrary statement simply “is insufficient to support a finding that [the petitioner’s] allegations cannot be accepted as true.” United States v. Sellner, 773 F.3d 927, 930 *924 (8th Cir.2014). Judged by this standard, Witthar’s sworn statement sufficed to warrant a hearing. In her petition, Witthar said that she “asked [her] attorney to file an appeal for [her],” but he “refused.... [and] said he was finished with [her] case and that was it.” This statement is neither self-contradictory nor any less facially credible than her attorney’s account of why no appeal was filed. In addition, Witthar provided some information regarding when the relevant conversation took place, noting that she discussed the matter with her attorney “after [she] was sentenced.” Her attorney simply denied that such a conversation occurred. These two statements contain similar specificity. See Sellner, 773 F.3d at 929-30 (finding similar specificity when a petitioner alleged that she requested an appeal following sentencing and her attorney said the petitioner had decided to forego appeal);[3] Franco, 1G2, F.3d at 764-65 (finding similar specificity when a petitioner alleged that he requested an appeal “after sentencing” and the attorney said he did not recall receiving this request). Because Witthar’s allegations, if true, amounted to ineffective assistance of counsel, there existed a factual dispute on a critical issue. The district court thus abused its discretion by denying her relief without a hearing. See Sellner, 773 F.3d at 930.
For the foregoing reasons, we vacate the order of the district court and remand for an evidentiary hearing.[4]

. Though the Government in Watson conceded that the case should be remanded to the district court for an evidentiary hearing, we did not rely on this concession in extending the presumption of prejudice. Watson, 493 F.3d at 963-64. Instead, we evaluated the arguments and reached a conclusion independent of this concession.

. In Sellner, the Government conceded at oral argument that the case should be remanded for an evidentiary hearing. 773 F.3d at 929. Without relying on this concession, we determined that the district court abused its discretion by denying relief without a hearing. Id. at 930.

. The Government has moved to strike a let- . ter that allegedly supports Witthar's claim that she instructed her attorney to appeal. Witthar submitted this evidence to our court along with her reply brief. We grant the Government’s motion to strike and note that we did not rely on this evidence in reaching our conclusion. See Schaffart v. ONEOK, Inc., 686 F.3d 461, 470 (8th Cir.2012) (refusing to consider new evidence submitted on appeal when the evidence did “not provide any additional support for the [submitting party’s] arguments, ancj no injustice [was] done by [its] omission”).