GRUENDER, Circuit Judge,
concurring.
In light of our precedent, I concur. I write separately, howbver, because I agree with the two circuits that hold that the presumption of prejudice is inappropriate when a defendant has agreed to waive some or all of her appellate or collateral-review rights. See Nunez v. United States, 546 F.3d 450 (7th Cir.2008); United States v. Mabry, 536 F.3d 231 (3d Cir. 2008). In these situations, I instead would apply the traditional framework from Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and require some affirmative showing of prejudice.
As the court explains, we presume prejudice despite waivers because we have concluded that this presumption is the logical extension of Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Watson v. United States, 493 F.3d 960, 964 (8th Cir.2007). Flores-Ortega, however, “did not address whether this [presumed-prejudiee] principle has any force, let alone controls, where the defendant has waived [her] right to appellate and collateral review.” Mabry, 536 F.3d at 240.' And, were I writing on a blank slate, I would conclude that the Flores-Ortega principle should not extend so far.
The rationale for the blanket presumption of prejudice announced in Flores-Ortega makes little sense when a defendant has waived some or all of her appel *925 late or collateral-review rights. In Flores-Ortega, the Court emphasized that counsel’s failure to file a requested notice of appeal deprived the defendant of an “entire judicial proceeding,” namely, review by an appellate court. 528 U.S. at 483, 120 S.Ct. 1029. In a waiver case, however, it is not counsel but the defendant who forfeits the right to meaningful appellate review. This is so because when a defendant has knowingly and intelligently waived this right, our court enforces the waiver unless a miscarriage of justice would result. United States v. Andis, 333 F.3d 886, 889-90 (8th Cir.2003) (en banc). We thus routinely dismiss appeals based on waived grounds.
Because we dismiss these appeals, the presumption of prejudice is overly protective. After all, a defendant generally has nothing to gain by filing an appeal on a waived ground. She does, however, have something to lose. See Nunez, 546 F.3d at 455 (noting that the unfiled appeal in Flores-Ortega was one in which the defendant could “gain but not lose” (emphasis added)). In many plea agreements, the Government makes concessions in exchange for a defendant’s guilty plea and related waivers, such as dismissing counts or agreeing not to bring additional charges. A defendant’s breach of the promise not to appeal or seek collateral review places the Government’s concessions in jeopardy. The Góvernment could seek to reinstate dismissed counts or bring additional charges related to the' defendant’s underlying acts. See United States v. Britt, 917 F.2d 353, 356-59 (8th Cir. 1990) (finding no Double Jeopardy Clause violation when, following a defendant’s breach of a plea agreement, the court set aside the defendant’s guilty plea and the Government filed more serious charges). In addition, bringing a waived appeal or collateral attack could demonstrate to the court that the defendant has not accepted responsibility -and thereby allow the court to rescind a sentencing-guidelines reduction under USSG § 3E1.1. Nunez, 546 F.3d at 455. It defies logic to presume prejudice when counsel’s failure to pursue a futile appeal spares his client these negative potential consequences. See id. at 455-56.
Even circuits that presume prejudice despite an appeal waiver acknowledge this absurdity and the inevitable waste of time that follows. See United States v. Poidexter, 492 F.3d 263, 273 (4th Cir.2007) (“[MJost successful § 2255 movants in the appeal waiver situation obtain little more than an opportunity to lose at a later date.”); Campusano v. United States, 442 F.3d 770, 777 (2d Cir.2006) (“Admittedly, applying the Flores-Ortega presumption to post-waiver situations will bestow on most defendants nothing more than an opportunity to lose.”); United States v. Sandoval-Lopez, 409 F.3d 1193, 1196 (9th Cir.2005) (referring to this application as “contrary to common sense”). In light of this situation, I would decline to presume prejudice and instead require the petitioner who has waived these rights to make a traditional prejudice showing as outlined in Strickland.
A defendant who has waived the right to appeal or seek collateral review could demonstrate prejudice in several ways. For instance, she could show that her appeal would not have been dismissed because her waiver was not knowing or voluntary. See Andis, 333 F.3d at 890. Or she could demonstrate that a miscarriage of justice would have resulted from waiver enforcement. See id. at 891. In addition, she could identify some basis for her requested appeal that falls outside the scope of her waiver. See id. at 890. If the defendant alleges any of these circumstances, the court likely would need to conduct a hearing. See Roundtree v. United States, 751 F.3d 923, 926 (8th Cir.2014) (noting that a *926 district court is required to hold an eviden-tiary hearing regarding an ineffective-assistance claim unless the record conclusively establishes either that counsel did not perform deficiently or that the defendant suffered no prejudice as a result).
Judged by this proposed standard, Witt-har’s allegations did not entitle her to a hearing. She alleged no prejudice from her trial attorney’s failure to file the requested appeal. She did not dispute that her appeal waiver was knowing and voluntary, nor did she suggest that its enforcement would result in a miscarriage of justice. And she did not allege that the requested appeal would have challenged her sentence on one of the four preserved bases: (1) ineffective assistance of counsel, (2) prosecutorial misconduct, (3) a sentence imposed in excess of the statutory maximum, or (4) an illegal sentence. As the district court observed, Witthar’s § 2255 petition did not identify any ground for her requested appeal. Indeed, Witthar has not identified a single nonfrivolous ground for the requested appeal in any of her filings.
And Witthar, like many appeal-waiver defendants, had much to lose. Both the plain language of her plea agreement and our precedent show that the Government could have filed additional charges or attempted to reinstate the four dismissed counts. Were a new sentencing hearing to occur, the Government could have refused to advocate for a term of imprisonment at the bottom of her guidelines range, and the court could have denied Witthar an offense-level reduction for acceptance of responsibility. In contrast, Witthar likely had nothing to gain: .a summary dismissal almost certainly would have followed her appeal on a waived basis. Were I unencumbered by precedent, I would not presume prejudice on this record.[5]

. I leave for another day the question whether trial counsel's performance should be regarded as per se deficient if he declines to a file a requested appeal on a waived ground in an attempt to preserve the benefits of the plea agreement for his client. Cf. Nunez, 546 F.3d at 453-56. The facts of this case do not lend themselves to this analysis.