# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3451

_____

Bobby Altwon Hart

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 18, 2019
Filed: February 4, 2019
[Unpublished]

_____

Before GRUENDER, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

In 2015, Bobby Hart pleaded guilty to a drug offense. He subsequently filed a 28 U.S.C. § 2255 motion, and the district court, without an evidentiary hearing,

denied the motion. This court granted Hart a certificate of appealability as to his claim that sentencing counsel failed to file a notice of appeal as directed.[1]

Upon careful review, we conclude that an evidentiary hearing was warranted as to Hart's claim. *See Witthar v. United States*, 793 F.3d 920, 922-24 (8th Cir. 2015) (per curiam) (concluding that, when the district court receives conflicting statements from the § 2255 movant and former counsel, the court cannot make factual determinations based on the relative credibility of the individuals without an evidentiary hearing and observing that, if neither statement is facially incredible and both contain similar specificity, counsel's contrary statement is insufficient to support a finding that the movant's allegations cannot be accepted as true); *cf. Roundtree v. United States*, 751 F.3d 923, 925-27 (8th Cir. 2014) (holding that a § 2255 movant is entitled to an evidentiary hearing unless the motion, the files, and the record conclusively show that he is not entitled to relief and observing that the district court is required to accept the movant's assertions as true unless they are contradicted by the record, inherently incredible, merely conclusions, or would not entitle him to relief).

Accordingly, we vacate the district court's judgment only as to Hart's claim that sentencing counsel failed to file a notice of appeal as directed and remand the case to the district court for further proceedings. We also deny the Government's motion to dismiss this appeal in part.

_____

_____

[1]A certificate of appealability was also granted as to Hart's claim that counsel failed to consult about an appeal. But Hart has abandoned that claim. *See Geach v. Chertoff*, 444 F.3d 940, 946 n.8 (8th Cir. 2006) (concluding that arguments not raised in the opening brief were abandoned).