# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2846
_____

Chad Douglas Dressen

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of South Dakota - Southern
_____

Submitted: October 22, 2021
Filed: March 18, 2022
_____

Before COLLOTON, SHEPHERD, and KELLY, Circuit Judges.
_____

KELLY, Circuit Judge.

Chad Dressen filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, asserting among other things that he received

ineffective assistance of counsel. The district court[1] dismissed most of his claims but granted a certificate of appealability on whether Dressen's attorney failed to file a direct appeal despite instructions to do so. Having jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), we affirm.

I.

In 2017, Dressen was charged with one count of conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a) and 846, and he retained D. Sonny Walter to represent him. Dressen pleaded guilty pursuant to a plea agreement, which contained a limited waiver of appeal. The conviction carried a 10-year mandatory minimum sentence and a maximum of life imprisonment. Dressen also agreed to cooperate fully with the government. In exchange, the government agreed that it would evaluate his cooperation and consider filing a motion pursuant to Federal Rule of Criminal Procedure 35(b) to reduce his sentence. In May 2018, the district court sentenced Dressen to 210 months of imprisonment, at the bottom of his advisory United States Sentencing Guidelines range of 210–262 months. In November 2019, the government filed a Rule 35(b) motion, and Dressen's sentence was reduced to 105 months.

On November 16, 2018, Dressen filed a motion to vacate under § 2255. He asserted several claims, including ineffective assistance of counsel and errors in the calculation of his Guidelines range. The district court granted the government's motion to dismiss all claims except one: whether counsel was ineffective for failing to file a notice of appeal after Dressen asked him to. The court directed the magistrate judge to conduct an evidentiary hearing on this claim and to appoint counsel to represent Dressen.

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, adopting the report and recommendation of the Honorable Veronica L. Duffy, United States Magistrate Judge for the District of South Dakota.

The magistrate judge held an evidentiary hearing on February 26, 2020. Dressen, Walter, and Teresa Hanson,[2] Dressen's girlfriend, all testified.

Dressen testified that he "signed for a 10-year plea" but just two days before sentencing, Walter told him that, unless he agreed to a 17-year sentence, he would receive a sentence of 25 years in prison. After sentencing, Dressen, Hanson, and Walter went into the hallway, where Dressen told Walter, "[W]e have to appeal this." Dressen said that "there was no other choice but to appeal" because his sentence was twice as long as he anticipated.

According to Dressen, Walter responded that he had to "wait on some paperwork" before filing the appeal. Dressen was taken into custody after sentencing, so he asked Hanson to contact Walter about the appeal. It was not until he was transferred to an out-of-state facility a few months later that Dressen learned that a notice of appeal had not been filed. Dressen also testified that prior to the hallway conversation and before pleading guilty, he and Walter never "discussed an appeal" or talked about whether he had waived his right to appeal. On cross-examination, Dressen admitted that, before the evidentiary hearing, he and Hanson had discussed their anticipated testimony.

Hanson testified next. She said she contacted Walter a few days before sentencing to ask about the "sudden" change in "the amount of time Chad was going to get." According to Hanson, Walter told her it was "what we had to do" and that "the appeal process would start as soon as [Dressen] was sentenced." Like Dressen, she said they met in the hallway after sentencing and that Walter "reassured [them] that he would start appealing." Although she did not recall exactly what was said, she testified that Walter told them he "would start that process immediately."

---

[2]Teresa also went by the last name "Haugan" at times.

Later, Hanson learned from Dressen that the notice of appeal had not been filed. She tried to contact Walter, wanting to ask him why and to get copies of some paperwork. Contrary to Dressen's testimony, Hanson said that she and Dressen did not speak about their testimony before the hearing.

Walter was the last witness to testify. Walter has practiced law since 1989, specializing in criminal defense and prisoner litigation. Walter explained that when clients are not immediately taken into custody after sentencing, he speaks with them for a bit in the courthouse hallway. He "presume[d]" he did this with Dressen. He said that "if Mr. Dressen would have asked [him] to put in an appeal, [he] would have noted that on [his] file" and would have calendared the deadline in his phone and in his "analog calendar" as back-up, as is his habit since he works alone. Although he did not "have an independent recollection" of the conversation that occurred after Dressen's sentencing, he stated that any such appeal request "would have been a significant event." And he reiterated that "[i]f [Dressen] had asked for an appeal, [he'd] recall it" and "would have had a serious discussion" with Dressen about it because he did not believe there were any appealable issues. Walter testified that he did, however, calendar the deadline to remind the government to file a Rule 35(b) motion. Finally, Walter stated that he reviewed his phone records—including texts and calls—and found that there was nothing from Hanson prior to the appeal deadline indicating that Dressen wanted to file an appeal.

At the conclusion of the hearing, the magistrate judge found Walter's testimony credible and Dressen's and Hanson's testimony less so, and recommended that Dressen's remaining claim be dismissed. Over Dressen's objections, the district court adopted that recommendation.

The district court provided several reasons for crediting Walter's testimony that neither Dressen nor Hanson asked him to file a notice of appeal. The court pointed to Walter's lengthy legal career, including experience assisting inmates with filing appeals and habeas petitions, and noted that an attorney with such a background would know the importance of filing a notice of appeal when a client

requests one. The court also cited Walter's testimony about his normal practice of calendaring deadlines and the fact that Walter recorded other deadlines for Dressen's case but not an appeal deadline. And the district court reasoned that, because Walter knew Dressen had signed an appeal waiver, it would have been a "memorable event" if Dressen had asked him to file a notice of appeal, as this would have necessitated a conversation with his client about why an appeal was unlikely to succeed.[3]

In contrast, the court concluded that Dressen and Hanson were less credible witnesses. The court found that Dressen's credibility was undermined by his failure to include facts in support of his failure-to-appeal claim until his testimony at the evidentiary hearing. This was true even though his motion and previous filings were replete with facts to support the other claims he raised. The court also highlighted the discrepancies between Dressen's and Hanson's testimony, including the fact that Hanson denied any discussions with Dressen about their testimony before the hearing. The court found this cast doubt on Hanson's credibility and called into question her motives for testifying.

## II.

"We review for clear error the district court's findings of fact following an evidentiary hearing held on a § 2255 motion." Fiorito v. United States, 821 F.3d 999, 1003 (8th Cir. 2016). We review de novo the district court's ultimate

---

[3]Dressen argues that the court should not place any weight on Walter's testimony that he would have had a "serious discussion" with Dressen about a possible appeal because it goes to the merits of the appeal. But that misses the point. The district court found this testimony undermined Dressen's assertion that he requested an appeal because—if he had requested one—it would have been a "memorable event for Walter" for a number of reasons, one of which was the necessary and serious discussion he would have had with Dressen. In other words, the district court relied on the existence of the appeal waiver and Walter's testimony to assess the credibility of Dressen's assertion that he had requested an appeal, not to assess the merits of an appeal had Dressen actually requested one.

conclusion on whether the defendant received ineffective assistance of counsel. Walker v. United States, 810 F.3d 568, 575 (8th Cir. 2016).

Typically, to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's performance was deficient—meaning that it "fell below an objective standard of reasonableness"—and that the deficiency prejudiced his defense. Dat v. United States, 920 F.3d 1192, 1193 (8th Cir. 2019) (quoting Jae Lee v. United States, 137 S. Ct. 1958, 1964 (2017)). However, when "an attorney disregards specific instructions from a defendant to file a notice of appeal, he 'acts in a manner that is professionally unreasonable.'" Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)). In such a case, "prejudice is presumed because the defendant has forfeited his right to an appellate proceeding as a result of his counsel's error." Id. at 963–64; see also id. at 964 ("The court need not inquire into whether the intended appeal would be meritorious or likely to succeed.").

"A bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000). Where a defendant and his attorney submit conflicting affidavits about the existence of such instructions, the court must conduct an evidentiary hearing to assess which witness is more credible. See Witthar v. United States, 793 F.3d 920, 924 (8th Cir. 2015). After such a hearing, this court accords great deference to the district court's credibility determinations. United States v. Harper, 787 F.3d 910, 914 (8th Cir. 2015) ("Credibility assessments are 'the province of the trial court.'" (quoting United States v. Heath, 58 F.3d 1271, 1275 (8th Cir. 1995))). "[T]he 'decision to credit a witness's testimony over that of another can almost never be a clear error unless there is extrinsic evidence that contradicts the witness's story or the story is so internally inconsistent or implausible on its face that a reasonable fact-finder would not credit it.'" Id. (quoting Heath, 58 F.3d at 1275).

Dressen argues that the district court's credibility findings were in error. Dressen emphasizes that both he and Hanson testified in detail regarding the events that occurred immediately after sentencing and were able to recite where the conversation with Walter took place and what was said. And both recalled leaving the meeting with the understanding that Walter was going to file a notice of appeal. In contrast, Walter admitted that he did not have a specific recollection of his conversation with Dressen. Instead, Walter testified to what he presumed would have happened based on his typical course of conduct in similar situations.

The district court's factual finding—that Dressen did not direct Walter to file a notice of appeal within 14 days of sentencing—was based on a reasonable credibility determination, and we see no clear error. See Barger, 204 F.3d at 1182 ("Credibility findings are for the trier of fact, . . . and we cannot say that the district court's findings regarding counsel's credibility are clearly erroneous."). Of the three witnesses, the court found Walter the most credible, persuaded by his habit of calendaring deadlines, his understanding of the importance of filing a timely notice of appeal, and his view that a request from Dressen to file an appeal would have been "memorable" under the circumstances.

Dressen testified otherwise, asserting he told Walter he wanted to appeal. But the district court found that Dressen's failure to allege any factual details to support this claim in his original § 2255 motion (or at any time prior to the hearing) undermined his credibility. And the court expressed doubt about the value of Hanson's testimony at all. The district court considered Dressen's allegation that he instructed Walter to file a notice of appeal but found it to be a "bare assertion" without credible evidentiary support. See id. On this record, we find no clear error in the finding that Dressen did not instruct his attorney to file a notice of appeal within the deadline for doing so. See Green v. United States, 323 F.3d 1100, 1102–03 (8th Cir. 2003) (finding no clear error in district court's determination that defendant's testimony that he requested an appeal was not credible).

## III.

The judgment of the district court is affirmed.

_____